IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:08-485-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Malik X. Shakur, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raised five claims of alleged ineffective assistance of trial counsel. The Government filed a response and a motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed his response and the matter is now before the court for ruling on the motion for summary judgment. Additionally, on October 25, 2011, Defendant filed a "Motion to Relate Back Amendment." ECF No. 215. This motion is **granted** and the court has considered Defendant's arguments and exhibits in its review of the entire matter. For the reasons noted below, the Government is entitled to summary judgment in this matter.

**BACKGROUND**

In 2008, Defendant was charged in a three-count superseding indictment with conspiracy to possess with intent to distribute and to distribute quantities of "crack" cocaine, cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) [Count 1]; possession with intent to distribute quantities of "crack" cocaine, cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D), and 18 U.S.C. § 2 [Count 2]; and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C) and 18 U.S.C. § 2 [Count 3]. During the pretrial phase, Defendant filed several motions, both through counsel and *pro se*, including a motion to suppress audio tapes. The Government responded in opposition to these motions, and this court held a hearing on all pending motions on September 10, 2008. At the conclusion of the testimony and arguments, the court denied Defendant's pretrial motions, including Defendant's motion to suppress the tapes.

On October 20, 2008, Defendant filed a *pro se* motion to enter an Alford[1] plea. On October 22, 2008, Defendant appeared for trial with counsel. Prior to commencement of trial, after discussion with counsel and Defendant on the record in open court, this court denied the motion. The case thereafter immediately proceeded to trial. On October 23, 2008, a jury convicted Defendant of Counts One and Two, and acquitted him on Count Three.

Prior to sentencing, Defendant filed several *pro se* motions challenging certain sentencing enhancements. Defendant's counsel also raised objections to the Presentence Report (PSR) and filed a sentencing memorandum. Counsel objected to, among other things, the use of several prior convictions to enhance Defendant's sentence. On May 12, 2009, after thorough argument and discussion of all issues, Defendant's objections were sustained in part and overruled in part. Defendant was found to be a career offender and was sentenced to 294 months' imprisonment.

Defendant timely filed a notice of intent to appeal on May 15, 2009. On September 9, 2010, the Fourth Circuit Court of Appeals affirmed Defendant's convictions and sentence. *United States v. Shakur*, 394 F. App'x 974 (4th Cir. 2010). Defendant thereafter timely filed this motion for relief.

**STANDARD**

Defendant's four claims relate to alleged ineffectiveness of his trial counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S.

---

[1] *North Carolina v. Alford,* 400 U.S. 25 (1970).

2

668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

### DISCUSSION

Defendant's first claim is that counsel rendered ineffective advice relating to a plea agreement allegedly offered by the Government. However, Defendant's assertions are belied by the record in this matter. Defendant filed a *pro se* motion for entry of an *Alford* plea on the eve of trial. However, this motion sought to impose conditions on the entry of a plea which were unacceptable to the court and the Government. This was fully discussed on the record in open court. Defendant was well aware that the only concession the Government was willing to make related to the § 851 Information. If withdrawn, Defendant's statutory exposure would have been capped at 240 months' imprisonment. Defendant indicated that he wished to plead guilty under *Alford* because he wanted to preserve certain constitutional rights and arguments. The following exchange thereafter took place between the court and Defendant:

> [Court]: Well, all constitutional cases apply whether you plead under *Alford* or not. But I don't believe that [the cases he wanted to argue] are going to have the impact that you think they are going to have, so I want you to understand that the risk you face if you plead to this you would not be able to reserve the – any changes to

3

>sentence that would otherwise apply. So, in other words, if you turn out to be a career offender, even with the 851 Information being limited by the Government, you still would face a statutory maximum of 20 years. And your guidelines might be above 20 years, so you might end up with a 20 year sentence if you plead guilty under *Alford*. Do you want to do that?
>
>[Defendant]: No, ma'am. Not if it is not going to put me in the regular sentencing range I would normally be in.[2]
>
>[Court]: That can't be guaranteed at all.
>
>[Defendant]: If the Government is willing to accept my *Alford* plea and leave [arguments under certain Supreme Court cases] in place, that is probably something I would consider. Then at the same time, you would have to accept the fact that I motioned the court under *Shepard*,[3] which actually challenges my prior conviction, that is other than the fact.
>
>[Court]: That is fine. You can raise all of these issues at sentencing if you are convicted. We will move forward with the trial then.

Tr. of Pretrial Proceedings at 12-13 (ECF No. 182, filed Sept. 17, 2009).

A defendant has no constitutional right to a plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Nor is there a constitutional right to have a plea bargain, once made, accepted by the court. *See Lynch v. Overholser*, 369 U.S. 705, 719 (1962); see also Rule 11, Fed. R. Crim. P. The state may withdraw a plea offer at any time before it is accepted or detrimentally relied upon. *See Weatherford*, 429 U.S. at 561. In addition, the court may accept or reject the plea at its discretion. See Rule 11, Fed.R.Crim.P.; *Santobello v. New York*, 404 U.S. 257, 262 (1971). "A court may reject a plea in exercise of sound judicial discretion." *Santobello*, 404 U.S. at 262.

---

[2]Defendant argued that based on the amount of drugs involved in his offense, he should only be exposed to a sentence of 21 to 31 months' imprisonment. *See* Tr. of Pretrial Proceedings at 11 (ECF No. 182, filed Sept. 17, 2009). However, Defendant also acknowledged that he had discussed the career offender guideline with counsel and that if he was found to be a career offender, his guideline range would be significantly higher. *Id*. at 12.

[3]*Shepard v. United States*, 544 U.S. 13 (2005).

4

In this case, Defendant sought to enter a guilty plea which would place binding limitations on the imposition of sentence. The undersigned rejected this attempt to bind the court's sentencing discretion, and Defendant thereafter proceeded to trial. Therefore, Defendant's First Ground for relief is without merit.

Defendant next maintains that counsel was ineffective in failing to challenge the admissibility of the recorded telephone conversation between Defendant and the cooperating witness. This issue was addressed in part at the pretrial conference held September 10, 2008. Based on the court's ruling on that day and the fact that the audio tapes were properly entered into evidence at trial, counsel was not ineffective in this regard. Therefore, for the reasons stated by the Government, with which this court agrees and adopts, the Government is entitled to summary judgment on this claim.

Defendant's third contention is that counsel was ineffective in failing to object to the admission under Rule 404(b) of certain of Defendant's prior convictions during the course of the Government's case-in-chief. Defendant's assertion is without merit. Counsel objected to the admission of these convictions during the trial. However, not only were these convictions within the time period contemplated under Rule 609(b), but they were also properly entered into evidence under Rule 404(b). Additionally, the court gave limiting instructions to the jury at the time the convictions were introduced into evidence and again in the final instructions. Therefore, counsel was not ineffective, and the Government is entitled to summary judgment on this claim.

Defendant's fourth claim is that counsel was ineffective in purportedly denying Defendant his right to testify at the trial of this matter. This court advised Defendant of his right to testify, specifically advising Defendant that the decision whether to do so or not was his decision. Defendant chose not to testify. Despite any purported actions or statements by defense counsel as

5

to whether or not Defendant should testify, the decision not to testify was Defendant's alone. Defendant was well aware of the Constitutional right he chose to exercise, and therefore cannot hide behind any alleged ineffectiveness here. Therefore, counsel could not have been ineffective in this regard, and the Government is entitled to summary judgment on this claim.

Defendant's last claim, and his "Motion to Relate Back Amendment," go to counsel's alleged ineffectiveness at sentencing. Defendant alleges that counsel was ineffective in purportedly failing to "investigate the law and facts concerning sentencing law and [Defendant's] prior convictions." Mem. Supp. at 9 (ECF No. 201-1, filed July 21, 2011). Defendant's contentions go to his being found a career offender based on his prior convictions for robbery and possession with intent to distribute marijuana. This issue was raised and decided against Defendant at sentencing. Defendant's convictions qualified then – and qualify now – as prior convictions of the type contemplated by the Guidelines in Section 4B1.1(a). Therefore, Defendant's counsel was not ineffective and the Government is entitled to summary judgment on this claim.

As noted above, Defendant's motion "to Relate Back" is **granted**. The Government's Motion for Summary Judgment is **granted**. Defendant's motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 29, 2011