IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:08-485-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Malik X. Shakur, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for reconsideration and Notice of Appeal. ECF No. 251 & 252. Defendant seeks reconsideration of the denial of a certificate of appealability in light of a recent decision from the Western District of North Carolina in which the court granted a certificate of appealability. *See Foote v. United States*, 2013 WL 5962983 (W.D.N.C. 2013).

Defendant's continued disagreement with this court's rulings on his previously-denied motion for relief under 28 U.S.C. § 2255 and the several post-judgment motions he has filed, as well as the decisions of the Fourth Circuit upholding this court's rulings thereon, is insufficient for this court to warrant reconsideration.

Therefore, to the extent this court retains jurisdiction over Defendant's motion to reconsider,[1]

---

[1] As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir.1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district

it is **denied**.

       **IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 20, 2014

---

court and the court of appeals were adjudicating the same issues simultaneously." *United States v. Swint*, 2007 WL 675340 (E.D.Pa. 2007) (internal citations and quotations omitted).