IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:08-485 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Malik X. Shakur, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, has filed a motion for relief under 28 U.S.C. § 2255. ECF No. 272.

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on July 21, 2011. ECF No. 201. On November 29, 2011, the court granted summary judgment to the Government and the § 2255 motion was dismissed with prejudice. ECF No. 216. Defendant also filed a motion for reconsideration of his § 2255 on December 16, 2011. ECF No. 219. This motion was denied on May 29, 2012. ECF No. 223.

The current motion argues many of the same points as his original § 2255 motion, which have already been ruled upon in this court's November 2011 Order (ECF No. 216). In addition, it is a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.[1] This motion is dismissed as this court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 3, 2016