IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-485 |
| v. | **OPINION and ORDER** |
| Malik X. Shakur, | |
| Defendant. | |

Defendant, proceeding *pro se*, has filed a motion for reconsideration of this court's dismissal of his motion for relief pursuant to 28 U.S.C. § 2255. ECF No. 275.

Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 on May 2, 2016. ECF No. 272. This court dismissed that motion as successive because Defendant had previously filed two motions for relief pursuant to § 2255 in this court. ECF No. 273; *see* ECF Nos. 201, 219.

Defendant's current motion is filed pursuant to Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

As explained in the Order dismissing Defendant's May 2016 motion, failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on a § 2255 motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Defendant did not obtain certification by the Fourth Circuit before filing his successive §2255 motion.

Without Defendant receiving permission from the Fourth Circuit to file a successive § 2255 motion, the district court cannot consider such a motion.[1] Therefore, Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 12, 2016

---

[1] For the first time (other than a cursory mention in his May 2016 § 2255 motion), Defendant's motion for reconsideration appears to raise a claim under *Johnson v. United States* (135 S.Ct. 2551 (2015)). § 2255 allows a one year statute of limitations which runs from "the date on which the right asserted was initially recognized by the Supreme Court. . ." 28 U.S.C. § 2255(f)(3). *Johnson* was decided June 26, 2015.

2