IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Malik X. Shakur,<br>                Defendant. | Criminal No. 3:08-485-CMC<br><br>**OPINION AND ORDER** |

This case comes before the court on Defendant's *pro se* Motion for Reduction Pursuant to the First Step Act of 2018. ECF No. 304. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 306. The Government filed a response in opposition (ECF No. 307), and Defendant filed several replies (ECF Nos. 310, 311, 312). For the reasons explained below, Defendant's motion is denied.

Defendant was indicted on May 22, 2008.[1] ECF No. 1. Count 1 charged conspiracy to possess with intent to distribute and to distribute a quantity of cocaine base, cocaine, and marijuana. *Id.* Count 2 charged possession with intent to distribute a quantity of cocaine base, cocaine and marijuana and aiding and abetting. *Id.* On August 21, 2008, a Superseding Indictment was issued, which added Count 3 to the original Indictment and charged possession with intent to distribute a quantity of cocaine and aiding and abetting. ECF No. 53. Defendant was convicted at trial on Counts 1 and 2, and found not guilty on Count 3 of the Superseding Indictment. ECF

---

[1] Defendant was indicted under the name Willie Lamb, a/k/a Malik X. Shakur. ECF No. 1. Defendant notified the court that his "real name" is Malik X. Shakur. ECF No. 49.

No. 109. He was sentenced on May 14, 2009 to 294 months' incarceration followed by six years' supervised release. ECF No. 143.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base <u>required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B)</u>. *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* However, the First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

Because Defendant was indicted and convicted of crimes under § 841(b)(1)(C) (Counts 1 and 2), and the enactment of the Fair Sentencing Act of 2010 does not reduce the statutory penalties associated with the convictions, he is not eligible for consideration of a reduction under the terms of the First Step Act. Accordingly, Defendant's motion pursuant to the First Step Act (ECF No. 304) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 16, 2019